UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUKE E. FOSTER, JR.,

      Plaintiff,

v.                                                        CASE NO. 8:05-CV-1496-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

      Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB").[1] Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) failing to fully and adequately consider Plaintiff's mental impairments; 2) improperly discounting Plaintiff's credibility; and 3) failing to consider the combination of Plaintiff's impairments and what effects they had on his work abilities. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

      Plaintiff, who was 44 years old at the time of the administrative decision, alleges a disability onset date of January 31, 2001, due to back and hand pain, numbness in the arm, depression, anxiety, blurred vision, fatigue, compulsive disorder, high blood pressure, and a shrunken brain.[2] He has a

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

[2] The Plaintiff also has a history of alcohol abuse.

high school education and past relevant work as retail stocker, field service engineer, and electronics technician. Plaintiff filed application for benefits on August 19, 2002. After these applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing. Following an administrative hearing, the ALJ denied Plaintiff benefits at step five of sequential analysis. The Appeals Court denied review, and Plaintiff filed this action. The case is now ripe for review.

*Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can

perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. evaluation of mental impairments*

Plaintiff contends that the ALJ did not evaluate his mental impairments as required by 20 C.F.R. §§ 404.1520a, a regulation that prescribes a "technique" for evaluating the severity for such impairments by assessing four functional areas. The first three deal with activities of daily living, social functioning, and concentration, persistence or pace. The fourth concerns episodes of

3

decompensation. Plaintiff claims the ALJ failed to rate this last consideration and points to his treatment for seizures in April 1998 and October 1999. He also inexplicably and bizarrely implies the ALJ should have considered his painful hemorrhoids as part of the mental decompensation evaluation. Regardless, aside from pointing out the Commissioner did not specifically address the decompensation topic, the Plaintiff presents no record evidence of decompensation. Indeed, as the Commissioner notes, two separate Psychiatric Review Techniques completed on separate occasions opined the Plaintiff had not decompensated. *See* R. 205, 255. Accordingly, the ALJ's findings regarding the Plaintiff's mental impairments are supported by substantial evidence, and the ALJ's failure to discuss issues pertaining to decompensation was harmless error. *See Diorio v. Heckler,* 721 F.2d 726 (11th Cir. 1983).

### 2. *evaluation of pain*

Plaintiff contends the ALJ erred in failing to find Plaintiff's account about pain and his daily limitations credible. Essentially, this a lack of substantial evidence argument, and, contrary to Plaintiff's position, the record substantially supports the ALJ's conclusions. As the Commissioner argues, the ALJ specifically evaluated the Plaintiff's allegations of pain per the Eleventh Circuit's three-part "pain standard" and properly discounted the Plaintiff's credibility in making the ultimate disability determination.[3] The record adequately supports the ALJ's findings. Plaintiff's last documented seizure occurred 15 months prior to his disability onset

---

[3] The Eleventh Circuit standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986). When the ALJ decides not to credit a claimant's testimony as to his pain he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

date. He admits he does not take medication for this problem. Besides, the records from these incidences reveal related alcohol abuse. As to his complaints about hemorrhoids, Plaintiff underwent a hemorrhoidectomy in March 2002. Since then, he has not complained about such pain or problems. An August 2001 MRI of his cervical spine was negative (R. 275-76). In December 2002, Dr. Korabathina's treatment notes reveal normal range of motion of all joints, ability to walk on heels and toes and hop and squat, and no spine point tenderness (R. 193). Plaintiff admits to taking no medications for this problem. As to his complaints about hand pain and arm numbness, August 2001 tests revealed an "old, healed fifth metacarpal fracture with angulation and deformity... no evidence for any acute or recent bone pathology identified about the hand." *See* R. 278. In light of all this, it is clear that the ALJ's decision to discount Plaintiff's credibility was correct. There is no evidence in the record to support Plaintiff's claims about disabling pain from one or any of his alleged disabilities.

*3. impairments in combination*

Plaintiff contends that the ALJ failed to consider his closed head injury and slurred speech impairments in combination. In support, Plaintiff cites to emergency room records dated in early 1998 indicating that he sustained a closed head injury when he lost consciousness and fell to the ground (R. 111-12). Also, emergency room records from October 2001 indicate Plaintiff acted in a threatening and combative manner and exhibited slurred speech after being found on the ground next to his bicycle (Tr. 148-149).

These events appear to be isolated, temporary, and unrelated to any other conditions or impairments. The record does not indicate any further treatment for either the closed head injury or the slurred speech. And, the fact that Plaintiff acted in a combative manner towards

the hospital staff and a doctor on one occasion is not indicative of any disability, especially since the behavior is most likely related to his previous state of unconsciousness or perhaps alcohol abuse. Nonetheless, the ALJ referenced the slurred speech and combative behavior in his decision (R. 17), as well as the closed head injury (R. 16). The ALJ also stated that "none of the claimant's impairments, considered individually and in combination, meet or equal a listing (R. 19). *See Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). Accordingly, the ALJ's decision regarding Plaintiff's combination of impairments is supported by substantial evidence.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on August 16, 2006.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record